IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD ARCHULETA,                  No C-10-2367 VRW (PR)

        Plaintiff,

     v                           ORDER OF SERVICE

INDERJIT GREWAL, et al,

        Defendants.
                                 /

Plaintiff, a prisoner incarcerated at the Correctional Training Facility ("CTF") in Soledad, California, has filed a pro se complaint under 42 USC § 1983 alleging that CTF medical personnel were deliberately indifferent to his serious medical needs. Doc #1.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v Pliler, 611 F3d 1202, 1205 (9th Cir 2010); Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).

### A

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v Gamble, 429 US 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v Smith, 974 F2d 1050, 1059 (9th Cir 1992) (citing Estelle, 429 US at 104), overruled in part on other grounds by WMX Technologies, Inc v Miller, 104 F3d 1133, 1136 (9th Cir 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v Brennan, 511 US 825, 837 (1994).

//
//

**B**

Here plaintiff alleges that CTF medical personnel were deliberately indifferent to his serious medical needs, including in their treatment of his certain medical conditions and their administration of certain medications.  Liberally construed, plaintiff's allegations appear to state a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs and defendants will be served.

**II**

For the foregoing reasons and for good cause shown:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on defendants CTF staff physicians/surgeons <u>Inderjit Grewal, Charles Lee, Quan Anh Dinh, M Sepulveda and John Carlisle, MD</u>.  The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall

so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

        b.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than thirty (30) days after defendants serve plaintiff with the motion.

        c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. **Rand v Rowland**, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

**4**

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

        d.    Defendants shall file a reply brief within fifteen (15) days of the date on which plaintiff serves them with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

//
//
//
//
//
//
//

5

     5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

*(signature)*

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.10\Archuleta-10-2367-order of service.wpd

**United States District Court**
For the Northern District of California