IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARCHULETA, | No. C 10-02367 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| INDERJIT GREWAL, et. al., | |
| Defendants. | |

Plaintiff Richard Archuleta filed a pro se complaint under 42 U.S.C § 1983 alleging that medical personnel at the Correctional Training Facility in Soledad, California, were deliberately indifferent to his serious medical needs. Doc #1. For the reasons set forth below, this action is DISMISSED.

**DISCUSSION**

On September 23, 2011, defendants filed a declaration that stated that on July 16, 2011, plaintiff's sister had contacted them and indicated that she had received defendants' declaration in lieu of reply and would seek legal representation. Doc. #23 at ¶ 4. Defendants further stated that on September 16, 2011, their summary judgment motion addressed to plaintiff was returned to them with "REFUSED" and "Deceased" stamped on the envelope. Id. at ¶ 5.

In general, the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 592–595 (1978). Under California law, plaintiff's section 1983 damages claims survive his death. See Cal. Civ. Proc. § 377.20 ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."); Cal. Civ. Proc. § 377.21 ("A pending action ... does not abate by the death of a party if the cause of action survives."); cf. In re Estate of Ferdinand Marcos, Human Rights Litig., 25 F.3d 1467, 1476 (9th Cir.1994) (noting that Eighth Amendment claims and 1983 actions survive the death of a party). A pending action asserting surviving claims can be continued by the plaintiff's personal representative or successor in interest, as defined by the California Probate Code. See Cal. Civ. Proc. § 377.40 ("Subject to [the section of the Probate Code governing creditor claims,] a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest."); Smith v. Fontana, 818 F.2d 1411, 1416–1417 (9th Cir.1987) (applying California survivorship law to hold that a section 1983 claim could be asserted by the decedent's estate), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir.1999) (en banc). When a party dies and the claim is not extinguished, the court may order substitution of the deceased party with the proper legal representative. Fed. R. Civ. Proc. 25(a); Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).

On October 7, 2011, the court ordered defendants to file a "Statement of Fact of Death" of the deceased party on the non-party successors or representatives. Doc. #24. The court ordered service of the "Statement of Fact of Death" to be effected in the manner provided in Fed. R. Civ. Proc. 4 for service of a summons, as required by Fed. R. Civ. Proc. 25(a)(3). Id.; see also Fed. R. Civ. Proc. 25(a)(3) ("A statement noting

1  death must be served [on non-parties as provided in Rule 4]."); Barlow v. Ground, 39
2  F.3d 231, 233 (9th Cir. 1994).

3      On October 26, 2011, at 1:00 p.m., defendants personally served a copy of the
4  Statement of Fact of Death on Ms. Beland Rand n.k.a Bellin Archuleta, at 818 Marvelle
5  Lane #D, Green Bay, WI 54304, in accordance with Fed. R. Civ. Proc. 4(e)(2)(A). See
6  Fed. R. Civ. Proc. 4(e)(2)(A) ("an individual . . . may be served in a judicial district of
7  the United States by: . . . (2)(A) delivering a copy of the summons and of the complaint
8  to the individual personally . . ."); see also Barlow, 39 F.3d at 233 ("non-party successors
9  or representatives of the deceased party must be served the suggestion of death in the
10 manner provided by Rule 4 for the service of a summons.") (internal citation omitted).
11 Personal service on Ms. Rand (or Ms. Archuleta) complied with the requirements set
12 forth in Fed. R. Civ. Proc. 25 and commenced the running of the 90 day period for
13 substitution motions set forth in Rule 25(a)(1). See Fed. R. Civ. Proc. 25(a)(1); see also
14 Barlow, 39 F.3d at 233.

15     More than ninety days have passed since Ms. Rand (or Ms. Archuleta) was
16 personally served the Statement of Notice of Death. No motion for substitution has
17 been filed by a successor or representative of plaintiff. Accordingly, the court must
18 dismiss this action. See Fed. R. Civ. Proc. 25(a)(1) ("If the [substitution] motion is not
19 made within 90 days after service of a statement noting the death, the action by or
20 against the decedent **must** be dismissed.") (emphasis added).

21     For the reasons stated above, this action is DISMISSED in accordance with Fed.
22 R. Civ. Proc. 25. The Clerk is directed to terminate any pending motions as moot and
23 close the file.

24     IT IS SO ORDERED.

26 DATED: March 16, 2012

    JAMES WARE
    United States District Chief Judge

G:\PRO-SE\JW-SF\CR-10\Archuleta-10-2367-dismiss.wpd

3